IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MEAGHIN JORDAN, INDIVIDUALLY;
JONATHAN JORDAN, INDIVIDUALLY, AND
MEAGHIN AND JONATHAN JORDAN
ON BEHALF OF THEIR MINOR SON,
BRAYLON JORDAN                                                                               PLAINTIFFS

VS.                                                  CIVIL ACTION NO. 3:15-cv-00220-CWR-LRA

MAXFIELD & OBERTON HOLDINGS, LLC;
CRAIG ZUCKER, ASSEMBLE LLC; GREAT
AMERICAN E&S INSURANCE COMPANY;
EVANSTON INSURANCE COMPANY;
MARKEL SERVICE, INCORPORATED;
SCOTTSDALE INSURANCE COMPANY;
INDIAN HARBOR INSURANCE COMPANY, and
DOES 5 - 15                                                                                     DEFENDANTS

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST EVANSTON, MARKEL SERVICE AND SCOTTSDALE re: AFFIRMATIVE DEFENSE OF LACK OF NOTICE

COME NOW Plaintiffs, Meaghin Jordan, Individually; Jonathan Jordan, Individually, and Meaghin and Jonathan Jordan on behalf of their minor son, Braylon Jordan, and file this their Memorandum in Support of Motion for Partial Summary Judgment against Evanston, Markel Service and Scottsdale re: Affirmative Defense of Lack of Notice, as follows:

### I. INTRODUCTION

Reinsurance is insurance for insurance companies. When an insurance company communicates with its reinsurance company about a claim, it is evidence that the insurance company received "notice" of the claim. Evanston, Markel Service and Scottsdale each asserted "lack of notice" of the Braylon Jordan claim as an affirmative defense in this case and in the companion

Declaratory Judgment Action, Cause No. 15-cv-00881. However, each of these Insurance Defendants objected to and refused to provide discovery relating to contact with reinsurers. Further, to avoid motions to compel, each of these Insurance Defendants have **admitted** that they will not be asserting "lack of notice" of the Braylon Jordan claim as a defense to the Jordan Plaintiffs' claims and causes of action in this case. Nevertheless, Evanston, Markel Service, and Scottsdale have refused execution of an agreed Final Judgment dismissing their affirmative defense of "lack of notice." The Jordan Plaintiffs are entitled to summary judgment against Evanston, Markel Service, and Scottsdale regarding the affirmative defense of lack of notice.

## II. ITEMIZATION OF UNDISPUTED FACTS

1.     On November 10, 2016, Evanston Insurance Company and Markel Service, Incorporated (Evanston and Markel) filed their Answer and Defenses to Plaintiffs' Third Amended Complaint.[1]

2.     As their Seventh Affirmative Defense, Evanston and Markel pled as follows: "To the extent that the insurance policies issued by EIC [Evanston] to M&O do not provide coverage for Plaintiffs' claims and causes, these Defendants can have no liability in the premises."[2]

3.     On December 15, 2016, Scottsdale filed its Answer and Defenses to the Jordan Plaintiffs' Third Amended Complaint.[3]

4.     As its Sixth Affirmative Defense, Scottsdale pled: "Scottsdale hereby invokes all applicable provisions of the Scottsdale policy in question, the terms of which speak for themselves.

---

[1] Doc. # 152.

[2] Doc. # 152, at p. 43, Seventh Defense.

[3] Doc. # 158.

Said provisions include, but are not limited to, those addressed in the Declaratory Judgment Action filed in this Court and bearing Civil Action No. 3:15-cv-00220-CWR-LRA (sic)."[4]

5.As its Seventh Affirmative Defense, Scottsdale pled: "To the extent that the Scottsdale policy at issue does not provide coverage for Plaintiffs' claims and causes, Scottsdale can have no liability in the premises."[5]

6.In their Request for Production No. 25 to Scottsdale, the Jordan Plaintiffs requested that Scottsdale produce its reinsurance agreements, documents relating to reinsurance agreements, and documents relating to communications with its reinsurers.[6]

7.At the April 11, 2017 hearing on Plaintiffs' Motion to Compel, Scottsdale announced that it was not asserting the coverage defense of lack of notice of the Braylon Jordan claim as a defense to the claims asserted in this case.[7] For that reason, Magistrate Judge Anderson denied Plaintiffs' Motion to Compel Scottsdale to produce copies of its reinsurance agreements, documents relating to its reinsurance agreements, and communications with its reinsurers.[8]

8.The Jordan Plaintiffs served an identical Request for Production on Evanston and Markel seeking copies of reinsurance agreements, documents relating to reinsurance agreements and documents relating to communications between Evanston and Markel and their reinsurers.

---

[4] Doc. # 158, at p. 42, SIXTH DEFENSE.

[5] Doc. # 158, p. 43, SEVENTH DEFENSE.

[6] *See*, Memorandum in Support of Plaintiffs' Amended First Motion to Compel Further Discovery from Scottsdale: Doc. # 269, at p. 25.

[7] *See*, Order on Plaintiffs' Amended First Motion to Compel Further Discovery from Defendant Scottsdale: Doc. # 299, at p. 2.

[8] *Id.*

9. Evanston and Markel indicated that they would not be asserting the coverage defense of "lack of notice" of the Braylon Jordan claim as a defense to the claims asserted by the Jordan Plaintiffs in this case. For that reason, Evanston and Markel refused to produce copies of reinsurance agreements, documents relating to reinsurance agreements, and documents relating to communications between Evanston and Markel and their reinsurers.

10. On April 26, 2017, undersigned counsel delivered to counsel for Evanston and Markel and counsel for Scottsdale an agreed Final Judgment dismissing their affirmative defenses of "lack of notice."[9]

11. The reason undersigned counsel indicated for entry of the agreed final judgment was as follows:

> Each Insurance Defendant has objected to the production of reinsurance agreements, communications, and related documents. Therefore, each Insurance Defendant has indicated that it has not and will not be asserting an affirmative defense based on "lack of notice" to the claims in this case. For that reason, I [undersigned counsel] have prepared the attached Final Judgment for entry by agreement between Plaintiffs and the Insurance Defendants."[10]

12. Evanston, Markel and Scottsdale refused to execute the agreed Final Judgment dismissing their affirmative defenses of "lack of notice."

### III. ARGUMENT

Pursuant to Fed.R.Civ.P. 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[9] Exhibit "1".

[10] *Id.* at p. 2. The proposed agreed Final Judgment Dismissing Affirmative Defense of Lack of Notice is at Exhibit "1", p. 3.

matter of law." Fed.R.Civ.P. 56(a). ). "If no evidence exists to create a dispute, then the court must grant summary judgment." *Chickaway v. U.S.*, No. 4:11-cv-00022, 2012 WL 3186376, at * 5 (S.D.Miss. Aug. 3, 2012) (plaintiff granted partial summary judgment on a defense that enjoyed no evidentiary support). Evanston and Scottsdale have the burden to produce evidence to support their insurance based affirmative defenses, including any affirmative defense based on "lack of notice" of the Braylon Jordan Claim. *Britt v. Travelers Ins. Co.,* 566 F.2d 1020, 1022 (5th Cir. 1978) (Although the insured retains the basic burden, the defending company is required to prove any affirmative defense it may raise). More importantly, if Evanston, Markel and Scottsdale were going to rely on the affirmative defense of "lack of notice," each had an obligation to produce the requested reinsurance discovery.

A.  **Reinsurance discovery is required when "lack of notice" is a defense.**

Reinsurance is nothing more than insurance for insurance companies.[11] Reinsurance agreements and communications with reinsurers address much more than just whether there is sufficient money to pay a particular claim or judgment. "Experts . . . typically rely on reinsurance agreements and communications between insurance companies and their insurers when offering expert opinions relating to evaluation of claims and an insurance company's reliance on certain legal defenses."[12] The agreements and communications are relevant to the identification of decisions made regarding defenses to claims.[13] These decisions would include those related to Evanston and

---

[11] *See,* Doc. # 289-1: Declaration of William D. Hager: Decl. at p. 7, ¶ 8.

[12] *Id.*

[13] *Id.*

Scottsdale's defenses to the Braylon Jordan claim based on "lack of notice."[14] Scottsdale, Markel and Evanston put these agreements and communications into play as part of their claims and defenses when they filed their Answers.[15]

Citing Rule 26(a)(1)(A)(iv), there is a long line of federal cases holding that reinsurance agreements and communications are discoverable and fit within the plain language of the Rule, especially when they may relate to an insurer's claims and defenses. *Imperial Trading Co., Inc. v. Travelers Property Cas. Co. of America*, No. 06-4262, 2009 WL 1247122, at *2-3 (E.D. La. May 5, 2009) (reinsurance agreements and communications are discoverable) (additional citations omitted); *Heights at Issaquah Ridge Owners Assn. v. Steadfast Ins. Co.*, No. C07-1045, 2007 WL 4410260, at *4 (W.D. Wash. December 13, 2007) (reinsurance agreements discoverable, but communications were not discoverable based on lack of relevance to defenses raised) (additional citations omitted); *U.S. Fire Ins. Co. v. Bunge North America, Inc.*, 244 F.R.D. 638, 642-43 (D. Kan. 2007) (**the rule is absolute**, agreements are discoverable and communications are discoverable based on particular claims and defenses raised); *Missouri Pacific R.R. Co. v. Aetna Cas. & Sur. Co.*, No. 93-1898, 1995 WL 861146, at * 3 (N.D. Tex May 17, 1995) (discovery of reinsurance agreements is authorized, "if not required"); and, *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, No. 88-9752, 1991 WL 237636, at * 2 (E.D. Penn. Nov. 7, 1991) (when money damages are sought, reinsurance agreements are "automatically discoverable").

In *Cummins, Inc. v. Ace American Ins. Co.,* No. 09-00738, 2011 WL 130158 (S.D.Ind. Jan 14, 2011), the court expressly held that communications **were discoverable** "where they may reveal

---

[14] *Id.*

[15] *See,* Undisputed Facts Nos. 1, 2, 3, 4.

the Insurer's views on coverage..." *Id.* at *11, 13 ("Insurers shall produce communications between the insurers and their reinsurers relating to [plaintiff's] claim"). The court in *Cummins, Inc. v. Ace* cited as authority *Stonewall Ins. Co. v. National Gypsum Co.,* No. 86-9671, 1988 WL 96159 (S.D.N.Y. Sept. 6, 1988) which held that "[i]n [the S.D.N.Y.] the discovery of reinsurance information **has been allowed"** where "the insurer's **notice of claims** to their reinsurers may evidence the insurer's understanding of the underlying claims and may contain admissions that these claims are covered." (emphasis added). *Id.* at * 5.

The rule in federal court is "absolute," reinsurance agreements are "automatically discoverable" and production of the agreements and communications are "required" based on an insurance defendant's reliance on a lack of notice defense.

Of particular importance are the courts' decision in *U.S. Fire Ins. Co. v. Bunge* and *Rhone-Poulenc* as both cases addressed claims/defenses of late notice by insureds. The court in *U.S. Fire Ins. Co. v. Bunge*, after ordering production of reinsurance agreements, considered whether the insurance company's communications with its reinsurers should be produced. *Id.* at 642. Citing federal authority, the court sided with other districts holding that production of communications must be decided on a case by case basis taking into consideration "the particular claims and defenses asserted by the parties." *Id*. at 643. The reinsurance communications were relevant and discoverable where the claims/defenses related to "Bunge's [the insured's] notice to the Insurers." *Id.*

In *Rhone-Poulenc*, the plaintiffs argued that reinsurance communication discovery was relevant to dispute "the lack of notice defenses raised by most of the insurers." *Rhone-Poulenc,* 1991 WL 237636, at * 2. Under circumstances identical to the instant case, the district court held ALL agreements and communications discoverable, while opining:

> Plaintiff's purpose for seeking reinsurance information is simple; they wish to determine whether or not timely notice was given to the reinsurers by the insurers. If such notice [to reinsurers] was given, it is evidence that the insurers had timely notice, and would moot the lack of notice defenses. Whether or not defendants had an obligation to investigate other events in order to determine whether a claim was forthcoming has nothing to do with the issue. **If the reinsurers were given timely or early notice by the insurers, it is evidence that the insurers themselves had notice and recognized it as such, whether that notice was from the policyholders or some outside source.** (emphasis added).

*Rhone-Poulenc,* 1991 WL 237636, at * 3.

Reinsurance communications are discoverable notwithstanding that they may have occurred after commencement of the lawsuit. "Post-commencement documents relating to reinsurance or reserves remain just as discoverable as any other post-commencement correspondence with third parties or internal company memoranda." *U.S. Fire Ins. Co. v. Bunge*, 244 F.R.D. at 645.

Evanston, Markel and Scottsdale cannot refuse to provide relevant discovery and then attempt to assert the affirmative defense of "lack of notice" of the Braylon Jordan Claim.

**B.** **Evanston, Markel and Scottsdale have admitted that they are not asserting the affirmative defense of "lack of notice."**

At the April 11, 2017 hearing on Plaintiffs' Amended First Motion to Compel Further Discovery from Scottsdale, "Scottsdale announced that it [was] not asserting the coverage defense of lack of notice of the Braylon Jordan Claim as a defense to the claims asserted in this case."[16] For that reason, Magistrate Judge Anderson denied Plaintiffs' Motion to Compel.[17]

---

[16] Order on Plaintiffs' Amended First Motion to Compel Further Discovery from Scottsdale: Doc. # 299 at p. 2.

[17] *Id.*

Subsequent to the hearing on Plaintiffs' Motion to Compel against Scottsdale, Evanston and Markel also admitted that they would not be asserting the coverage defense of "lack of notice" and, as a consequence, would not be producing any reinsurance discovery. Consequently, on April 26, 2017, undersigned counsel requested Evanston, Markel and Scottsdale to execute an agreed Final Judgment dismissing their affirmative defenses of "lack of notice" to the claims asserted by the Jordan Plaintiffs in this case.[18]

Although Evanston, Markel and Scottsdale have refused to execute an agreed Final Judgment, there admissions that they will not be asserting the affirmative defense of "lack of notice" are binding. *Saucier v. Plummer,* 611 F.3d 286, 288 (5th Cir. 2010) (party bound by acts of his attorney), quoting *Callip v. Harris Co. Child Welfare Dep't,* 757 F.2d 1513, 1522 (5th Cir. 1985).

## IV. CONCLUSION

For the reasons stated, the Jordan Plaintiffs are entitled to summary judgment against Evanston, Markel and Scottsdale dismissing with prejudice their affirmative defenses of "lack of notice" of the Braylon Jordan Claim.

DATED this the 15TH day of June, 2017.

                              Respectfully submitted,

                              By:   */s/ C. Victor Welsh, III*
                                    C. VICTOR WELSH, III

---

[18] Exhibit "1".

## **CERTIFICATE OF SERVICE**

      I, C. Victor Welsh, III, certify that a true and correct copy of the above pleading has been served on all counsel through the Court's electronic filing system on this the 15TH day of June, 2017.

                                        */s/ C. Victor Welsh, III*
                                        C. VICTOR WELSH, III

OF COUNSEL:

C. VICTOR WELSH, III (MSB# 7107)
Email: cvw@pgrwlaw.com
CRYMES M. PITTMAN (MSB# 99225)
Email: cmp@pgrwlaw.com
PITTMAN, GERMANY, ROBERTS & WELSH, LLP
410 South President Street (39201)
Post Office Box 22985
Jackson, Mississippi 39225-2985
Telephone: (601) 948-6200
Facsimile: (601) 948-6187

ATTORNEYS FOR PLAINTIFFS,
MEAGHIN, JONATHAN AND BRAYLON JORDAN