# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**MEAGHIN JORDAN, ET AL.**     **PLAINTIFFS**

**V.**     **CAUSE NO. 3:15-CV-220-CWR-LRA**

**MAXFIELD & OBERTON HOLDINGS**     **DEFENDANTS**
**LLC, ET AL.**

## ORDER

This Order resolves four of the pending motions *in limine*.

### I. Katherine Cahill

Maxfield & Oberton first seeks to exclude the testimony of Katherine Cahill. The plaintiffs designated Cahill as one of their experts in September 2017. M&O now argues that her testimony is irrelevant to a disputed fact and must be excluded under Rules 401 and 702.

To the extent M&O's argument is timely, *see* Local Rule 26(a)(3), it is unpersuasive. M&O may now agree that "Buckyballs pose a risk of harm to young children and must be kept away from them"—though the parties have not entered into any stipulations on this or any other point—but M&O has *not* conceded that Buckyballs will injure children no matter how they are labeled. The jury can hear Cahill's testimony on this subject. The motion is denied.

### II. Post-Sale CPSC Proceedings

Next, M&O argues that the jury should not be permitted to hear evidence about any proceedings before the Consumer Product Safety Commission which occurred after the product in this case was sold to the plaintiffs. The plaintiffs respond that: (a) one of their medical experts uses a post-sale study to support his opinions (the "NASPGHAN Report"), and (b) M&O's post-sale marketing efforts support the plaintiffs' punitive damages claim.

The plaintiffs are required to prove that Buckyballs were defective "at the time the product left the control of the manufacturer." Miss. Code Ann. § 11-1-63(a); *see also Dykes v. Husqvarna Outdoor Prod., N.A., Inc.*, 869 F. Supp. 2d 749, 758 (S.D. Miss. 2012). M&O's post-sale marketing efforts do not shed any light on whether Buckyballs were defective, and therefore will be excluded from trial. If the plaintiffs receive a verdict, the Court will hear argument on whether they may introduce M&O's post-sale marketing efforts during the punitive damages phase (if one is warranted).

The admissibility of the NASPGHAN Report is more complicated. In the Report, an association of pediatric gastroenterologists wrote the CPSC to support that agency's proposed magnet safety standards. The Report contains facts supporting the plaintiffs' case that Buckyballs were defective at the time they left M&O's control. The study also contains descriptions of how Buckyballs move through the body when ingested, *i.e.*, the consequences of the Buckyballs' design. These kinds of facts are relevant and admissible. At the same time, the Court does not want to spend this trial arguing about the CPSC's regulatory process, settlement, or subsequent litigation. References to those matters must be redacted from the Report. The parties are directed to submit an agreed-upon redacted version of the Report with their final exhibit lists. In the unlikely event the parties cannot agree on what should be redacted, then each shall submit its separate version of proposed redactions at the designated time.

The Court expects the parties to stick to the MPLA and avoid any risk of retrying this case at great expense and inconvenience. The motion is granted in part and denied in part.

### III. Other Incidents and Injuries

M&O then seeks to exclude evidence of other magnet ingestion incidents or injuries. It contends that "admissible other incidents should be limited to those involving infants and

toddlers who were injured when they found and ingested Buckyballs unintentionally left within their reach, and only where probative value of this evidence is not outweighed by its prejudice."

The legal standard is well-established:

> Evidence of similar accidents occurring under substantially similar circumstances and involving substantially similar components may be probative of defective design. This evidence might be relevant to the defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation.
>
> The question of admissibility of substantially similar accidents is necessarily determined on a case-by-case basis, with consideration to be given to any number of factors, including the product or component part in question, the plaintiff's theory of recovery, the defenses raised by the defendant, and the degree of similarity of the products and of the other accidents.
>
> Substantial similarity does not require an exact match. The Fifth Circuit has dismissed as disingenuous the argument that all accidents are unique and no prior accidents are admissible, declining to adopt such a narrow and unrealistic view of the matter. The appellate court has instead ruled that the substantially similar predicate for the proof of similar accidents is defined, again, by *the defect* (or, as we have also termed it, the product) at issue.

*Wells v. Robinson Helicopter Co.*, No. 3:12-CV-564-CWR-FKB, 2015 WL 4066303, at *1 (S.D. Miss. July 2, 2015) (quotation marks, citations, and brackets omitted).

If substantial similarity is defined by the alleged defect, than M&O's proposed limitation may be unduly restrictive. But the admissibility of any particular incident will depend on the evidence. The plaintiffs have the burden to make an initial showing of substantial similarity. M&O may lodge objections at the appropriate point. The motion is denied without prejudice.

## IV.  Other "Bad Acts"

Lastly, M&O argues that the plaintiffs should be prohibited from putting on evidence of M&O's other "bad acts." The undersigned largely agrees. The plaintiffs' conspiracy case has been severed. Conspiracy-related evidence is irrelevant to this product liability action. Similarly,

3

the plaintiffs have not explained the relevance to this suit of alleged ongoing sales of rare earth magnets by M&O's former executives.

The briefing and evidence nevertheless indicate a genuine dispute between the parties as to whether Buckyballs were a children's product or an adult product. M&O's arguments for the latter conclusion should be presented to the jury. Cross-examination of the plaintiffs' expert and the plaintiffs themselves will no doubt be thorough. The motion is, therefore, granted in part and denied in part.

**SO ORDERED**, this the 18th day of June, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE