IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MEAGHIN JORDAN, et al.                                                              PLAINTIFFS

V.                                                      CIVIL ACTION NO. 3:15-CV-00220-CWR-LRA

MAXFIELD & OBERTON
HOLDINGS, LLC, et al.                                                               DEFENDANTS

**EIC'S and MSI'S MEMORANDUM BRIEF
IN SUPPORT OF THEIR RENEWED MOTION FOR SUMMARY JUDGMENT**

COME NOW the Defendants, Evanston Insurance Company ("EIC") and Markel Service, Incorporated i/s/h/a Markel Insurance Company, Inc. ("MSI") through counsel, pursuant to the FRCP, and submit their Memorandum Brief in Support of their Renewed Motion for Summary Judgment as follows:

Initially, EIC and MSI incorporate by reference their previously filed Motion for Summary Judgment and Memorandum Brief in Support of Summary Judgment, ECF Documents 342 and 343.

In this personal injury action, EIC and MSI seek dismissal of the single cause of action remaining against them for civil conspiracy.[1]  EIC is an excess insurer of Maxfield & Oberton Holdings, LLC ("M&O").  EIC is also the successor by merger to Alterra Excess and Surplus Insurance Company who issued a policy of insurance to M&O.  MSI is the claim service manager for EIC.  The civil conspiracy cause of action alleges that all defendants in this case acted individually, in concert and/or as co-conspirators in a plan or scheme to strip M&O of its assets and avoid insurance coverage for the claim for bodily injury asserted by Plaintiffs.  However, trial in this action resulted in a Jury-rendered defense verdict on July 9, 2018, with respect to the sole defective design claim against M&O (the "Verdict").  ECF Document 523.  As there is no predicate

---

[1] Originally there were two causes of action against EIC and MSI: RICO and Civil Conspiracy.  The RICO count was dismissed pursuant to an Order dated November 14, 2017. (ECF Doc. NO. 452).

liability, there is no underlying tort that could independently be actionable and thus there is no justiciable claim for civil conspiracy against EIC and MSI.  Simply, there cannot be a civil conspiracy to deprive Plaintiffs of a recovery to which they are not entitled.

"Under Mississippi law, the elements of civil conspiracy are (1) two or more persons or corporations; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result. Mississippi follows the rule of almost all jurisdictions in uniformly requiring that civil conspiracy claims be predicated upon an underlying tort that would be independently actionable." Waggoner v. Denbury Onshore, L.L.C., 612 F. App'x 734, 739 (5th Cir. 2015) (citations and quotations omitted).

As the jury here conclusively determined that there is no liability for defective design, the sole claim that proceeded to trial, there is no underlying tort that could be independently actionable. Stated differently, for there to exist a justiciable conspiracy claim, there must necessarily be a conspiracy to do something wrongful. See Homoki v. Conversion Servs., 717 F.3d 388, 402 (5th Cir. 2013) ("Civil conspiracy is a derivative tort; therefore, liability for a civil conspiracy depends on participation in an underlying tort. In order to adequately plead a claim for civil conspiracy, a plaintiff must adequately plead the underlying tort.") (citations omitted). The jury determined that M&O did nothing wrongful as a matter of law and thus no underlying tort exists. In the absence of any underlying liability for which the Plaintiffs may recover, there can be no conspiracy to prevent Plaintiffs from a recovery in this lawsuit, and the conspiracy claim must be dismissed as moot and non-justiciable.

## Conclusion

Based upon the foregoing, EIC and MSI respectfully request that this Court enter a

judgment dismissing EIC and MSI from this Action. EIC and MSI pray for such further or additional relief, whether legal or equitable, to which it may be entitled in the premises.

RESPECTFULLY SUBMITTED, this the 16th day of July, 2018.

EVANSTON INSURANCE COMPANY and
MARKEL SERVICES, INC.

BY: ___/s/Mark D. Morrison_____
      Mark D. Morrison (MSB #9005)


OF COUNSEL:

ADCOCK & MORRISON, PLLC
P.O. Box 3308
Ridgeland, MS 39158
Tel.:   (601) 898-9887
Fax.   (601) 898-9860
mdmorrison@adcockandmorrison.com

## CERTIFICATE OF SERVICE

I, Mark D. Morrison, do hereby certify that on July 16, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

**C. Victor Welsh, III, Esq.**
**cvw@pgrwlaw.com**
**Crymes M. Pittman, Esq.**
**cmp@pgrwlaw.com**
P.O. Box 22985
Jackson, MS  39225-2985

**Lewis W. Bell, Esq.**
**lbell@watkinseager.com**
P.O. Box 650
Jackson, MS  39205-0650

**John D. Brady, Esq.**
jbrady@mitchellmcnutt.com
P.O. Box 1366
Columbus, MS 39703-1366

THIS, the 16th day of July, 2018.

/s/Mark D. Morrison
Mark D. Morrison